**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number (*If known*): _____ Chapter 11

❑ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**

Voyager Aircraft Leasing, LLC

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

Intrepid Aircraft Leasing LLC

**3. Debtor's federal Employer Identification Number (EIN)**

3 2 – 0 4 4 2 9 2 5

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 301 Tresser Boulevard | |
| Number   Street | Number   Street |
| Suite 602 | |
| | P.O. Box |
| Stamford   CT   06901 | |
| City   State   ZIP Code | City   State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Fairfield | |
| County | Number   Street |
| | |
| | City   State   ZIP Code |

**5. Debtor's website** (URL)

https://vah.aero

Debtor   <u>Voyager Aircraft Leasing, LLC</u>                          Case number *(if known)* <u>23-</u>
         Name

---

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>  <u>3</u>  <u>2</u>  <u>4</u>

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☒ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

| Debtor | Voyager Aircraft Leasing, LLC | Case number (if known) 23- |
|---|---|---|
| | Name | |

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
         MM / DD / YYYY

District _____ When _____ Case number _____
         MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor    See Schedule 1                    Relationship    See Schedule 1

District    Southern District of New York          When    Date Hereof
                                                           MM / DD / YYYY

Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                           Number        Street

_____

_____                            _____
City                                     State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

| Debtor | Voyager Aircraft Leasing, LLC | Case number (if known) | 23- |
|---|---|---|---|
| | Name | | |

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☒ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**
(on a consolidated basis, based on estimated unaudited financial statements as of 12/31/2022)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**
(on a consolidated basis, based on estimated unaudited financial statements as of 12/31/2022)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/27/2023
MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Title  Chief Financial Officer

Michael Sean Ewing
Printed name

Debtor    Voyager Aircraft Leasing, LLC
          Name                                                    Case number (if known)   23-

---

**18. Signature of attorney**        ✘   /s/ Lauren C. Doyle                    Date    07/27/2023
                                         Signature of attorney for debtor               MM  / DD  / YYYY

Lauren C. Doyle
Printed name

Milbank LLP
Firm name

55 Hudson Yards
Number        Street

New York                                                    NY        10001
City                                                        State      ZIP Code

(212) 530-5000                                              LDoyle@Milbank.com
Contact phone                                               Email address

4443214                                                     NY
Bar number                                                  State

---

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). A motion will be filed with the Court requesting that the chapter 11 cases of each entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Voyager Aviation Holdings, LLC.

| COMPANY |
| --- |
| A330 MSN 1432 Limited |
| A330 MSN 1579 Limited |
| Aetios Aviation Leasing 1 Limited |
| Aetios Aviation Leasing 2 Limited |
| Cayenne Aviation LLC |
| Cayenne Aviation MSN 1123 Limited |
| Cayenne Aviation MSN 1135 Limited |
| DPM Investment LLC |
| Intrepid Aviation Leasing, LLC |
| N116NT Trust |
| Panamera Aviation Leasing IV Limited |
| Panamera Aviation Leasing VI Limited |
| Panamera Aviation Leasing XI Limited |
| Panamera Aviation Leasing XII Designated Activity Company |
| Panamera Aviation Leasing XIII Designated Activity Company |
| Voyager Aircraft Leasing, LLC |
| Voyager Aviation Aircraft Leasing, LLC |
| Voyager Aviation Holdings, LLC |
| Voyager Aviation Management Ireland Designated Activity Company |
| Voyager Finance Co. |

| Fill in this information to identify the case: |
| --- |
| Debtor name: Voyager Aviation Holdings, LLC et al. |
| United States Bankruptcy Court for the Southern District of New York |
| Case number (If known):  23- |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Reported on a Consolidated Basis)[1]

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 1 | BANK OF UTAH (DEBT GUARANTEE CLAIM MSN 1432) ATTN: JAMILLE POOL 50 SOUTH 200 EAST, SUITE 110 SALT LAKE CITY, UT 84111 | ATTN: JAMILLE POOL PHONE: (801)-924-3688 FAX: (801) 924-3630 EMAIL: JPOOL@BANKOFUTAH.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 2 | CITIBANK, N.A., NEW YORK (DEBT GUARANTEE CLAIM MSN 55148) ATTENTION: ALBERT MARI 388 GREENWICH STREET NEW YORK, NY 10013 | ATTENTION: ALBERT MARI PHONE: (212) 816-1807 EMAIL: ALBERT.P.MARI@CITI.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 3 | CITIBANK, N.A., NEW YORK (DEBT GUARANTEE CLAIM MSN 55160) ATTENTION: ALBERT MARI 388 GREENWICH STREET NEW YORK, NY 10013 | ATTENTION: ALBERT MARI PHONE: (212) 816-1807 EMAIL: ALBERT.P.MARI@CITI.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 4 | ING CAPITAL LLC (DEBT GUARANTEE CLAIM MSN 63781) ATTN: DAVID JAQUET / HANK LIN 1133 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | ATTN: DAVID JAQUET / HANK LIN PHONE: (646) 424-8235 FAX: (646) 424-8253 EMAIL: DLNYCLOANAGENCYTEAM@ING.COM; DAVID.JAQUET@ING.COM; HANK.LIN@ING.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 5 | KEB HANA BANK, LONDON BRANCH (DEBT GUARANTEE CLAIM MSN 1635) ATTENTION: JO, YOUNG HWA / RYU, KYUNG 2ND FLOOR, 8 OLD JEWRY LONDON, EC2R 8DN UNITED KINGDOM | ATTENTION: JO, YOUNG HWA / RYU, KYUNG PHONE: 44-020-7606-0191 FAX: 44-20-7606-9968 EMAIL: LOAN@KEBLDN.CO.UK; BOYOUNG@HANAFN.COM; LOAN.UK@HANAFN.COM; KIMSEUNGHO@HANAFN.COM; JAEYOUNG_LEE@HANAFN.COM; CBPARK92@HANAFN.COM; BOYOUNG@HANAFN.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 6 | KEB HANA BANK, LONDON BRANCH (DEBT GUARANTEE CLAIM MSN 1554) ATTENTION: JO, YOUNG HWA / RYU, KYUNG 2ND FLOOR, 8 OLD JEWRY LONDON, EC2R 8DN UNITED KINGDOM | ATTENTION: JO, YOUNG HWA / RYU, KYUNG PHONE: 44-020-7606-0191 FAX: 44-20-7606-9968 EMAIL: LOAN@KEBLDN.CO.UK; BOYOUNG@HANAFN.COM; LOAN.UK@HANAFN.COM; KIMSEUNGHO@HANAFN.COM; JAEYOUNG_LEE@HANAFN.COM; CBPARK92@HANAFN.COM; BOYOUNG@HANAFN.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 7 | NORDDEUTSCHE LANDESBANK GIROZENTRALE (DEBT GUARANTEE CLAIM MSN 1579) ATTN: SABINE GROTH / MARC GRUENBERG AVIATION FINANCE & INVESTMENT SOLUTIONS PORTFOLIO MANAGEMENT & EXECUTION I 5094/2966 FRIEDRICHSWALL 10 HANNOVER, 30159 GERMANY | ATTN: SABINE GROTH / MARC GRUENBERG PHONE: 49 (511) 361-4819 FAX: 49 (511) 361-4785 EMAIL: SABINE.GROTH@NORDLB.DE; MARC.GRUENBERG@NORDLB.DE; JENS.RACHFAHL@NORDLB.DE | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 8 | UMB BANK, NATIONAL ASSOCIATION (DEBT GUARANTEE CLAIM MSN 35542) ATTN: BRENDA PAREDES UMB BANK N.A. 6440 S. MILLROCK DR, SUITE 400 SALT LAKE CITY, UT 84121 | ATTN: BRENDA PAREDES FAX: (385) 715-3025 EMAIL: BRENDA.PAREDES@UMB.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 9 | WELLS FARGO TRUST COMPANY, NATIONAL ASSOCIATION (DEBT GUARANTEE CLAIM MSN 1592) ATTN: CORPORATE TRUST LEASE GROUP; MAC: U1228-051 COMPUTERSHARE CORPORATE TRUST LEASE COLUMBIA MAILROOM TEAM 9062 OLD ANNAPOLIS ROAD COLUMBIA, MD 21045 | ATTN: CORPORATE TRUST LEASE GROUP; MAC: U1228-051 PHONE: (385) 415-8008; (385) 415-8003; (801) 597-6914 FAX: (801) 246-7142 EMAIL: COURTNEY.HOWARD@WELLSFARGO.COM; AIMEE.B.JOHNSON@WELLSFARGO.COM; HILLARY.A.PAVIA@WELLSFARGO.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below.  Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.

[2] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | WELLS FARGO TRUST COMPANY, NATIONAL ASSOCIATION (DEBT GUARANTEE CLAIM MSN 1651) ATTN: CORPORATE TRUST LEASE GROUP; MAC: U1228-051 COMPUTERSHARE CORPORATE TRUST LEASE COLUMBIA MAILROOM TEAM 9062 OLD ANNAPOLIS ROAD COLUMBIA, MD 21045 | ATTN: CORPORATE TRUST LEASE GROUP; MAC: U1228-051 PHONE: (385) 415-8008; (385) 415-8003; (801) 597-6914 FAX: (801) 246-7142 EMAIL: COURTNEY.HOWARD@WELLSFARGO.COM; AIMEE.B.JOHNSON@WELLSFARGO.COM; HILLARY.A.PAVIA@WELLSFARGO.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 11 | WELLS FARGO TRUST COMPANY, NATIONAL ASSOCIATION (DEBT GUARANTEE CLAIM MSN 1542) ATTN: CORPORATE TRUST LEASE GROUP; MAC: U1228-051 COMPUTERSHARE CORPORATE TRUST LEASE COLUMBIA MAILROOM TEAM 9062 OLD ANNAPOLIS ROAD COLUMBIA, MD 21045 | ATTN: CORPORATE TRUST LEASE GROUP; MAC: U1228-051 PHONE: (385) 415-8008; (385) 415-8003; (801) 597-6914 FAX: (801) 246-7142 EMAIL: COURTNEY.HOWARD@WELLSFARGO.COM; AIMEE.B.JOHNSON@WELLSFARGO.COM; HILLARY.A.PAVIA@WELLSFARGO.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 12 | WELLS FARGO TRUST COMPANY, N.A. FKA WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION (DEBT GUARANTEE CLAIM MSN 63695) ATTENTION: CORPORATE TRUST DEPARTMENT MAC: U1228-051 299 S. MAIN STREET, 5TH FLOOR SALT LAKE CITY, UT 84111 | ATTENTION: CORPORATE TRUST DEPARTMENT PHONE: (801) 246-6000 FAX: (801) 246-7142 EMAIL: CTSLEASEGROUP@WELLSFARGO.COM | UNSECURED DEBT GUARANTEE CLAIM | UNLIQUIDATED, CONTINGENT | | | UNDETERMINED |
| 13 | JPA NO. 166 CO., LTD. C/O JP LEASE PRODUCTS & SERVICES CO., LTD. ATTENTION: FUND ADMINISTRATION C/O JP LEASE PRODUCTS & SERVICES CO., LTD. KASUMIGASEKI COMMON GATE WEST TOWER 34F 3-2-1 KASUMIGASEKI, CHIYODA-KU TOKYO, 100-0013 JAPAN | ATTENTION: FUND ADMINISTRATION PHONE: 81 3 6206 1395 EMAIL: SHIMAMURA@JLPS.CO.JP; ISHIKAWA@JLPS.CO.JP; JLPS-FUNDADMIN@JLPS.CO.JP | CONTRACT CLAIM | CONTINGENT | | | $  8,250,000.00 |
| 14 | JPA NO. 165 CO., LTD. C/O JP LEASE PRODUCTS & SERVICES CO., LTD. ATTENTION: FUND ADMINISTRATION C/O JP LEASE PRODUCTS & SERVICES CO., LTD. KASUMIGASEKI COMMON GATE WEST TOWER 34F 3-2-1 KASUMIGASEKI, CHIYODA-KU TOKYO, 100-0013 JAPAN | ATTENTION: FUND ADMINISTRATION PHONE: 81 3 6206 1395 EMAIL: SHIMAMURA@JLPS.CO.JP; ISHIKAWA@JLPS.CO.JP; JLPS-FUNDADMIN@JLPS.CO.JP | CONTRACT CLAIM | CONTINGENT | | | $  7,500,000.00 |
| 15 | ROLLS-ROYCE TOTALCARE SERVICES LIMITED JAMES TUBBY, HEAD OF COMMERCIAL-LESSORS CUSTOMER TEAM ROLLS-ROYCE TOTAL CARE SERVICES LIMITED PO BOX 31 DERBY, DE24 8BJ UNITED KINGDOM | JAMES TUBBY, HEAD OF COMMERCIAL-LESSORS CUSTOMER TEAM PHONE: 44 (0) 7552 269420 FAX: 44 (0) 1332 248288 EMAIL: JAMES.TUBBY@ROLLS-ROYCE.COM | TRADE CLAIM | | | | $  2,600,000.00 |
| 16 | NORDDEUTSCHE LANDESBANK GIROZENTRALE ATTN: SABINE GROTH / MARC GRUENBERG AVIATION FINANCE & INVESTMENT SOLUTIONS PORTFOLIO MANAGEMENT & EXECUTION I 5094/2966 FRIEDRICHSWALL 10 HANNOVER, 30159 GERMANY | ATTN: SABINE GROTH / MARC GRUENBERG PHONE: 49 (511) 361-4819 FAX: 49 (511) 361-4785 EMAIL: SABINE.GROTH@NORDLB.DE; MARC.GRUENBERG@NORDLB.DE; JENS.RACHFAHL@NORDLB.DE | CONTRACT CLAIM | CONTINGENT | | | $  1,551,773.92 |
| 17 | SGI AVIATION SERVICES B.V. ATTN: FIONA KALMAR SGI AVIATION SERVICES B.V., MARGRIETTOREN, HAAKSBERGWEG 75 (6TH FLOOR) AMSTERDAM, 1101 BR THE NETHERLANDS | ATTN: FIONA KALMAR PHONE: 31 (20) 890 4222 FAX: 31 (20) 890 8490 EMAIL: AMSACCOUNTING@SGIAVIATION.COM; FKALMAR@SGIAVIATION.COM | TRADE CLAIM | | | | $  386,085.76 |
| 18 | DONNELLEY FINANCIAL SOLUTIONS DONNELLEY FINANCIAL, LLC PO BOX 842282 BOSTON, MA 02284-2282 | PHONE: 917-273-0345 EMAIL: CASHAPPLICATIONS@DFINSOLUTIONS.COM | TRADE CLAIM | | | | $  34,960.22 |
| 19 | THREE STAMFORD PLAZA ATTN: PROPERTY MANAGER THREE STAMFORD PLAZA OWNER LLC C/O RFR REALTY LLC 263 TRESSER BOULEVARD, 4TH FLOOR STAMFORD, CT 06901 | ATTN: PROPERTY MANAGER EMAIL: ACCOUNTSRECEIVABLE@RFR.COM | TRADE CLAIM | | | | $  22,558.06 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  NETOLOGY<br>1200 SUMMER STREET SUITE 302<br>STAMFORD, CT 06905 | PHONE: 203-975-9630<br>EMAIL: JDAGOSTINO@NETOLOGYLLC.COM | TRADE CLAIM | | | | $     10,899.92 |
| 21  SAVILLS IRE<br>SAVILLS COMMERCIAL (IRELAND) LIMITED<br>33 MOLESWORTH STREET<br>DUBLIN 2,<br>IRELAND | SAVILLS COMMERCIAL (IRELAND) LIMITED<br>PHONE: 353 (01) 6181300<br>EMAIL: PMACCOUNTSRECEIVABLE@SAVILLS.IE | TRADE CLAIM | | | | $     3,320.95 |
| 22  FLYDOCS<br>GEN2 SYSTEMS LIMITED<br>THE LEWIS BUILDING, BULL STREET<br>BIRMINGHAM, B4 6AF<br>UNITED KINGDOM | EMAIL: FINANCE@FLYDOCS.AERO | TRADE CLAIM | | | | $     1,980.00 |
| 23  EQUINITI TRUST COMPANY, LLC<br>ATTN: BILLING/ACCOUNTS RECEIVABLE<br>6201 15TH AVENUE<br>BROOKLYN, NY 11219 | EMAIL: AR@EQUINITI.COM;<br>REMITTANCE@EQUINITI.COM | TRADE CLAIM | | | | $     1,400.00 |

*Execution Version*

# OMNIBUS WRITTEN CONSENT

## OF

## THE BOARD OF MANAGERS

## OF

## VOYAGER AVIATION HOLDINGS, LLC

## AND

## ON BEHALF OF

## THE COVERED SUBSIDIARIES (AS DEFINED HEREIN)

### July 27, 2023

The undersigned, constituting the members of the board of managers (each a "***Manager***" and, collectively, the "***Board***") of Voyager Aviation Holdings, LLC, a Delaware limited liability company (the "***Company***" and, together with certain of its subsidiaries and controlled entities, the "***Voyager Group***"), having not less than the minimum number of votes that would be necessary to authorize or take the following actions at a meeting at which all Managers entitled to vote thereon were present and voted, acting on behalf of the Company on its own behalf, do hereby consent to the adoption of, and hereby adopt, the following resolutions by written consent in lieu of a meeting. The undersigned hereby waive all notice of the time, place and purpose of a meeting and consent to, approve and adopt the following recitals and resolutions and take the following actions, acting (a) in its capacity as the Board of the Company pursuant to Section 18-404(d) of the Limited Liability Company Act of the State of Delaware (the "***Act***") and Section 8.2(n) of the Sixth Amended and Restated Limited Liability Company Agreement of the Company dated as of May 9, 2021, as amended by Amendment No. 1 thereto dated as of May 17, 2021 (the "***LLC Agreement***"), (b) in the Company's capacity as (1) the manager of Cayenne Aviation LLC ("***Cayenne***"), pursuant to Section 18-404(d) of the Act and (2) the sole member of Voyager Aviation Aircraft Leasing, LLC ("***VAAL***") and DPM Investment LLC (together with Cayenne and VAAL, the "***US Direct LLCs***"), (c) on behalf of VAAL, as the sole member of Intrepid Aviation Leasing, LLC ("***Intrepid***") and (d) on behalf of Cayenne, as the sole member of Voyager Aircraft Leasing, LLC (collectively, with the US Direct LLCs and Intrepid, the "***Covered Subsidiaries***" and, each, individually, a "***Covered Subsidiary***"), in each of the foregoing (b)(2), (c) and (d), pursuant to Section 18-302(d) of the Act.

Terms used but not defined herein shall have the meanings set forth in the LLC Agreement.

**WHEREAS**, the Board of the Company has reviewed the materials presented to it by its financial, legal and other advisors, including that certain restructuring support agreement (together, with all exhibits, attachments, and schedules thereto, as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "***Restructuring Support Agreement***") and has held numerous discussions (including with management and such advisors)

regarding such materials and the liabilities and liquidity situation of the Voyager Group, including the Company and the Covered Subsidiaries, the strategic alternatives available to the Voyager Group, including the Company and the Covered Subsidiaries, and the impact of the foregoing on the Voyager Group's business and operations, including that of the Company and each Covered Subsidiary; and

**WHEREAS**, such discussions included a full consideration of the strategic alternatives available to the Voyager Group (including the Company and each Covered Subsidiary) and resulted in the Board's authorization of the Company's entry into (i) that certain Agreement for the Sale and Purchase of Certain Assets of Voyager, dated July 17, 2023 (the "*Asset Purchase Agreement*"), pursuant to which certain assets of the Voyager Group set forth therein are contemplated to be acquired by Azorra Explorer Holdings Limited, an exempted company incorporated with limited liability under the laws of the Cayman Islands, and (ii) in connection with the Asset Purchase Agreement, that certain Agreement for Participation and Implementation of Related Transactions for MSN 63695 Assets and MSN 63781 Assets, dated July 17, 2023 (the "*Participation Agreement*").

**NOW, THEREFORE, BE IT**

## I.      Commencement of the Chapter 11 Cases

**RESOLVED**, that in the best judgment of the Board of the Company, it is desirable and in the best interests of the Company and the Covered Subsidiaries and its and their respective equityholders, creditors, and other stakeholders and parties in interest, that the Company and the Covered Subsidiaries enter into the Restructuring Support Agreement by and among the Company, certain of its affiliates and the Consenting Stakeholders (as defined in the Restructuring Support Agreement) substantially in the form presented to the Board, and that the Company's performance of its obligations under the Restructuring Support Agreement and all other exhibits (including the Asset Purchase Agreement and the Participation Agreement attached as an exhibit thereto), schedules, attachments, and ancillary documents related thereto, hereby is, in all respects, authorized and approved; and be it further

**RESOLVED**, that without limiting the actions taken herein by the Company as to the Covered Subsidiaries, the Board hereby (a) recommends the transactions contemplated by the Restructuring Support Agreement for consideration and approval by any of the Company's indirect subsidiaries, affiliates or related aircraft owning entities, including the Controlled Companies (as defined herein) and (b) consents to the entry by any such parties (including in any such entity's capacity as Company Party as defined in the Restructuring Support Agreement), as applicable, into (i) the Restructuring Support Agreement and (ii) documentation contemplated thereby or ancillary thereto; and be it further

**RESOLVED**, that in the best judgment of the Board of the Company, it is desirable and in the best interests of the Company and the Covered Subsidiaries and its and their respective equityholders, creditors, and other stakeholders and parties in interest, that each of the Company and each Covered Subsidiary files or causes to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended,

2

the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***") and/or any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and be it further

**RESOLVED**, that each of the Company and each Covered Subsidiary shall be, and hereby is, authorized to file or cause to be filed, such voluntary petition for relief in the Bankruptcy Court and/or any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, as well as any schedules, lists and other motions, papers or documents that may be necessary or appropriate in connection therewith; and be it further

**RESOLVED**, that each of Hooman Yazhari, Robert Del Genio, Michael Sean Ewing, and Elisabeth McCarthy, and any other person specifically designated by the foregoing persons (collectively, the "***Authorized Persons***") shall be, and hereby is, designated as an authorized person, authorized and empowered, acting alone or jointly, to take all actions authorized hereunder, in the name and on behalf of each of the Company and each Covered Subsidiary, including to execute and verify a petition under the provisions of chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as said Authorized Persons executing the same shall determine, and to file all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including any action necessary or appropriate to maintain the ordinary course operation of each of the Company's and each Covered Subsidiary's business; and be it further

**RESOLVED**, that the Board (a) acknowledges that, pursuant to Sections 8.4(b)(i) and 8.4(b)(vi) of the LLC Agreement, the Company must obtain the prior written consent of one or more Members holding at least a majority of the Units for (x) any dissolution, winding up, termination or Bankruptcy of the Company and (y) any agreement or commitment to doing (x), (b) hereby recommends the foregoing resolutions for adoption by the Members and (c) acknowledges that such resolutions are subject to such Member approval in accordance with Sections 8.4(b)(i) and 8.4(b)(vi) of the LLC Agreement; and be it further

## II.    Retention of Advisors

**RESOLVED**, that the retention of Milbank LLP ("***Milbank***") as general bankruptcy counsel to represent and assist the Company and the Covered Subsidiaries in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and applicable law and in taking any and all actions to advance the Company's and the Covered Subsidiaries' rights and obligations, including preparing, completing, and filing all necessary paperwork on behalf of the Company with respect to the chapter 11 filing, hereby is approved, adopted and confirmed, and, in connection therewith, the (i) execution of appropriate retention agreements, (ii) payment of appropriate fees, expenses, and retainers prior to and immediately upon filing of the chapter 11 case, and (iii) execution and filing of an appropriate application for authority to retain the services of Milbank by each Authorized Person is authorized and directed; and be it further

**RESOLVED**, that the retention of FTI Consulting, Inc. ("***FTI***") as financial advisor to represent and assist the Company and the Covered Subsidiaries in carrying out their duties under the Bankruptcy Code and in taking any and all actions to advance the Company's and the Covered

Subsidiaries' rights and obligations hereby is approved, adopted and confirmed, and, in connection therewith, the (i) execution of appropriate retention agreements, (ii) payment of appropriate fees, expenses, and retainers prior to and immediately upon filing of the chapter 11 case, and (iii) execution and filing of an appropriate application for authority to retain the services of FTI by each Authorized Person is authorized and directed; and be it further

**RESOLVED**, that the retention of Greenhill & Co., LLC ("**Greenhill**") as investment banker and financial advisor to represent and assist the Company and the Covered Subsidiaries in carrying out their duties under the Bankruptcy Code and in taking any and all actions to advance the Company's and the Covered Subsidiaries' rights and obligations hereby is approved, adopted and confirmed, and, in connection therewith, the (i) execution of appropriate retention agreements, (ii) payment of appropriate fees, expenses, and retainers prior to and immediately upon filing of the chapter 11 case, and (iii) execution and filing of an appropriate application for authority to retain the services of Greenhill by each Authorized Person is authorized and directed; and be it further

**RESOLVED**, that the retention of Kurtzman Carson Consultants LLC ("**KCC**") as claims and noticing agent to represent and assist the Company and the Covered Subsidiaries in carrying out their duties under the Bankruptcy Code and in taking any and all actions to advance the Company's and the Covered Subsidiaries' rights and obligations hereby is approved, adopted and confirmed, and, in connection therewith, the (i) execution of appropriate retention agreements, (ii) payment of appropriate fees, expenses, and retainers prior to and immediately upon filing of the chapter 11 case, and (iii) execution and filing of an appropriate application for authority to retain the services of KCC by each Authorized Person is authorized and directed; and be it further

**RESOLVED**, that the retention of KPMG LLP ("**KPMG**") as tax restructuring advisor to represent and assist the Company and the Covered Subsidiaries in carrying out their duties under the Bankruptcy Code and in taking any and all actions to advance the Company's and the Covered Subsidiaries' rights and obligations hereby is approved, adopted and confirmed, and, in connection therewith, the (i) execution of appropriate retention agreements, (ii) payment of appropriate fees, expenses, and retainers prior to and immediately upon filing of the chapter 11 case, and (iii) execution and filing of an appropriate application for authority to retain the services of KPMG by each Authorized Person is authorized and directed; and be it further

**RESOLVED**, that the retention of Vedder Price LLP ("**Vedder Price**") as special M&A and aircraft level financing counsel to represent and assist the Company and the Covered Subsidiaries in carrying out their duties under the Bankruptcy Code and in taking any and all actions to advance the Company's and the Covered Subsidiaries' rights and obligations hereby is approved, adopted and confirmed, and, in connection therewith, the (i) execution of appropriate retention agreements, (ii) payment of appropriate fees, expenses, and retainers prior to and immediately upon filing of the chapter 11 case, and (iii) execution and filing of an appropriate application for authority to retain the services of Vedder Price by each Authorized Person is authorized and directed; and be it further

### III.    <u>Use of Cash Collateral</u>

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed and empowered, in the name and on behalf of the Company and each applicable Covered Subsidiary, to seek approval of the use of cash collateral according to the terms of an interim and final cash collateral order (the "***Cash Collateral Order***"), in each case substantially in the form annexed as an exhibit to the Restructuring Support Agreement, and to take all such actions, by or on behalf of the Company and each applicable Covered Subsidiary that are necessary or desirable to implement the Cash Collateral Order or effectuate such financial arrangements in connection therewith, including, to the extent applicable, negotiate, execute, deliver, certify, file and/or record, and perform any and all agreements, instruments, notes, guarantees, security agreements, certificates, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates and other documents, pledge and grant liens, pay or caused to be paid any fees and expenses, and provide such other adequate protection in accordance with section 363 of the Bankruptcy Code; and be it further

### IV.    <u>Authorizations as to Controlled Companies</u>

**RESOLVED**, that, to the extent that the Company or a Covered Subsidiary serves as the sole member, managing member, general partner, partner or other governing body (the "***Controlling Company***") of any other company (including the Covered Subsidiaries, each, a "***Controlled Company***"), each Authorized Person be, and hereby is, acting alone or jointly, authorized, empowered and directed in the name and on behalf of the Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Person is herein authorized to take on behalf of the Controlling Company and to take all such further action that may be necessary or desirable in connection with the chapter 11 filing of such Controlled Company, in each case, to the extent a chapter 11 filing for such Controlled Company is deemed necessary or desirable; and be it further

### V.    <u>General Authorization and Ratification</u>

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person, acting alone or jointly, be, and hereby is, authorized and empowered, in the name and on behalf of the Company or any of the Covered Subsidiaries, to cause the Company or any of the Covered Subsidiaries to take or cause to be taken any and all such further actions, to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, to pay, or cause to be paid, all expenses, including filing fees, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable to fully carry out the intent and accomplish the purposes of the foregoing resolutions adopted herein or to fully accomplish any and all actions taken in connection with the chapter 11 filing contemplated hereby; and be it further

**RESOLVED**, that any and all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name and on behalf of the Company and the Covered Subsidiaries, which acts would have been approved by the foregoing resolutions

except that such acts were taken before these resolutions were adopted, resolved, or certified, are hereby in all respects approved, confirmed and ratified; and be it further

**RESOLVED**, that this written consent may be executed in any number of counterparts (including facsimile and electronic counterparts), each of which when so executed and delivered shall be deemed an original, but all of which together shall constitute one and the same instrument.

*[Signature Pages Follow]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the day and year first above written.

**VOYAGER AVIATION HOLDINGS, LLC**

By: its Managers

_____
Alan Alperin

_____
Marjorie Bowen

_____
Hooman Yazhari

_____
Steven Varner

*[Signature Page to Omnibus Written Consent – Bankruptcy Petition Filing]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the day and year first above written.

**VOYAGER AVIATION HOLDINGS, LLC**

By: its Managers

_____
Alan Alperin

_____
Marjorie Bowen

_____
Hooman Yazhari

_____
Steven Varner

**CAYENNE AVIATION LLC**

By: its Manager, Voyager Aviation Holdings, LLC

By 
Name: Michael Sean Ewing
Title: Chief Financial Officer


**VOYAGER AVIATION AIRCRAFT LEASING, LLC**

By: its sole member, Voyager Aviation Holdings, LLC

By 
Name: Michael Sean Ewing
Title: Chief Financial Officer


**DPM INVESTMENT LLC**

By: its sole member, Voyager Aviation Holdings, LLC

By 
Name: Michael Sean Ewing
Title: Chief Financial Officer


**INTREPID AVIATION LEASING, LLC**

By: its sole member, Voyager Aviation Aircraft Leasing, LLC

By: its sole member, Voyager Aviation Holdings, LLC

By 
Name: Michael Sean Ewing
Title: Chief Financial Officer

DocuSign Envelope ID: 45FF965E-228C-42AE-9AA6-89DE87B1DE99

**<u>VOYAGER AIRCRAFT LEASING, LLC</u>**

By: its sole member, Cayenne Aviation LLC

By: its Manager, Voyager Aviation Holdings, LLC

By _Michael Sean Ewing_

    Name: Michael Sean Ewing
    Title: Chief Financial Officer

*[Signature Page to Omnibus Written Consent – Bankruptcy Petition Filing]*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11
                                        :
Voyager Aircraft Leasing, LLC,          :    Case No. 23-[_____] ( )
                                        :
                Debtor.                 :
                                        :
-----------------------------------------------------------------x
```

## LIST OF EQUITY HOLDERS
## PURSUANT TO FED. R. BANKR. P. 1007

Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having an equity ownership interest in the above-captioned debtor in possession:

| Equity Holder | Last Known Address | Percentage of Equity Held |
|---|---|---|
| Cayenne Aviation LLC | 301 Tresser Boulevard Suite 602 Stamford, CT 06901 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11
                                              :
Voyager Aircraft Leasing, LLC,                :    Case No. 23-[_____] ( )
                                              :
          Debtor.                             :
                                              :
------------------------------------------------------------x
```

## CORPORATE OWNERSHIP STATEMENT

Voyager Aircraft Leasing, LLC is a wholly-owned subsidiary of affiliated debtor Cayenne Aviation LLC.  The common equity of Cayenne Aviation LLC is 100% owned by affiliated debtor Voyager Aviation Holdings, LLC.  Cayenne Aviation LLC also has one class of issued non-voting preferred equity (the "Cayenne Preferred Equity").  Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of Voyager Aviation Holdings, LLC's equity interests and/or the Cayenne Preferred Equity:

| Equity Holder | Percentage of Voyager Aviation Holdings, LLC Interests Held | Percentage of Cayenne Preferred Interests Held |
|---|---|---|
| Certain funds and/or accounts managed or advised by Pacific Investment Management Company LLC | 71% | 71% |
| BlueBay Global High Yield Bond Fund and certain affiliated funds | 10% | 10% |

Fill in this information to identify the case and this filing:

Debtor Name __Voyager Aircraft Leasing, LLC__

United States Bankruptcy Court for the: __Southern__   District of __New York__
                                                                                    (State)

Case number (If known):   __23-__

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* _____

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒  Other document that requires a declaration __Corporate Ownership Statement and List of Equity Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __07/27/2023__          ✗ _____
                  MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                        Michael Sean Ewing
                                        Printed name

                                        Chief Financial Officer
                                        Position or relationship to debtor